IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBYN HALPRIN and RICK HALPRIN, )
both individually and derivatively as a member )
of THE PRAIRIE SINGLE FAMILY HOMES )
OF DEARBORN PARK ASSOCIATION, an )
Illinois corporation, on its behalf, )
)
             Plaintiffs, )
)
vs. )  No. 01 C 4673
)
THE PRAIRIE SINGLE FAMILY HOMES OF )
DEARBORN PARK ASSOCIATION, et al., )
)
             Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs own a home in a subdivision controlled in various respects by defendant Association. They sued the defendants, alleging various post-acquisition discrimination acts, relying upon §§3604 and 3617 of the Fair Housing Act, 42 U.S.C. §3601 *et seq.* Defendants moved to dismiss and the motion was granted. On appeal, the dismissal of the complaint, insofar as it relied on §3604, was affirmed on the ground that §3604 related to pre-acquisition conduct. The dismissal of the §3617 claim was, however, reversed. The court noted that §3617 claims were linked to §§3603-3606 in the statutory language, but a regulation, 24 C.F.R. §100.400(c)(2), cut §3617 loose from §3604 by expanding its reach to protect the prospective enjoyment of previously acquired property. Although it wondered whether or not the regulation strayed too far, defendants had not challenged it and thus that claim survived, since plaintiffs alleged a pattern of harassment.

When plaintiffs filed their third amended complaint, defendants did challenge the

regulation, moving to dismiss counts I, II and III. They also move to dismiss state law claims in counts V and VII, contending that those claims are insufficiently pled and their motions to dismiss counts I, II and III incorporate similar contentions. In response, plaintiffs pointed out that district courts around the country have been fully supportive of the expanded reach of §3617, for reasons set forth in Stackhouse v. DeSitter, 620 F.Supp. 208 (N.D. Ill. 1985) and Ohana v. 180 Prospect Place Realty Corp., 996 F.Supp. 238 (E.D.N.Y. 1998). Further, since Halprin, *supra*, the Seventh Circuit has twice accepted the expanded reach of §3617, in East-Miller v. Lake County Highway Dept., 421 F.3d 558 (7th Cir. 2005), and Farrar v. Mohamed Eldibany, 137 Fed.Appx. 910 (7th Cir. 2005), although in East-Miller it noted, as in Halprin, that the validity of the regulation had not been disputed and in Farrar it assumed that §3617 covered a post-acquisition pattern of harassment.

Faced with that rather formidable opposition to a narrow reading of §3617, defendants in their reply shifted their position. They explicitly acknowledge that §3617 addresses post-ownership discrimination and specifically the "enjoyment of any right" under the Fair Housing Act. They agree that the regulation covers "enjoyment of a dwelling." They contend, however, that plaintiffs are not really complaining about enjoyment of a dwelling, and that the complaint fails to show discriminatory intent or a pattern of harassment. We disagree.

In contending that the complaint fails to show discriminatory intent or a pattern of harassment, defendants rely on East-Miller and Farrar. But the East-Miller determination came on a summary judgment motion after discovery failed to disclose any evidence of an intent to discriminate, and in Farrar the plaintiff alleged only that she (and everyone else in the building) had been deprived of heat and hot water for three or four days while the boiler was being replaced. Here, under a notice pleading standard, it is alleged that defendants harassed

plaintiffs in multiple ways because Halprin was Jewish and that, absent that invidious motivation, it would not have happened. Plaintiffs have to prove that was so, but the allegations survive a motion to dismiss.

We do not, for now, reach the argument attacking the state law claims because we can better sort that out later. For example, defendants contend that state condominium statutes do not apply because the subdivision is not organized as condominiums, plaintiffs do not respond, and we are left uncertain what the legal status of the Association may be. But that uncertainty does not affect initial discovery, and it is time to get beyond the pleading wars. The motions to dismiss are denied.

*JAMES B. MORAN*
Senior Judge, U. S. District Court

June 28, 2006.